# Mast v. Pennsylvania Railroad Company, Appellant

*Railroads — Siding — Removal of private siding — Ownership of siding.*

Where a landowner pays the whole cost of the construction of a siding from a railroad company's track on to his own land, and executes to the company a bill of sale for the portion of the siding on the company's right of way, and thereafter the company removes the connection of the siding with the tracks, and after the expiration of a considerable time takes the siding, a person to whom the owner had assigned the siding, may successfully maintain an action against the railroad company for its removal.

Argued May 8, 1916. Appeal, No. 135, April T., 1916,

204 MAST *v.* PENNSYLVANIA R. R. CO., Appellant.

by defendant, from judgment of C. P. Armstrong Co., Sept. T., 1912, No. 109, on verdict for plaintiff in case of Wade H. Mast v. Pennsylvania Railroad Company. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for the taking of a railroad siding and injury to a derrick. Before KING, P. J.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $600. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Orr Buffington,* with him *O. W. Gilpin,* for appellant, cited: Heyl v. P., W. & B. R. R. Co., 51 Pa. 469.

*Harry C. Golden,* for appellee, cited: O'Connor v. Clark, 170 Pa. 318; Shannon v. Minney, 130 Pa. 280.

OPINION BY HENDERSON, J., July 18, 1916:

There is no dispute about the fact that C. D. Bush paid for the construction of the railroad siding and the bill of sale to the railroad company only transferred that portion of it on the right of way of the railroad. Employees of the railroad company removed the connection of the siding with the railroad tracks a considerable time before the siding was taken by the defendant's employees. There is evidence from which the jury might conclude that the siding taken was not on the right of way of the railroad. Apart from the question of estoppel therefore there was a case presented which would support a verdict for the value of the siding taken. The railroad company did not pay anything for it and unless it was covered by the transfer of June 11, 1907, the plaintiff's right is clear. All of the labor and all of the material used in constructing the siding having been furnished by Bush

and it not appearing from any evidence introduced that the jury should have found that the siding was on the right of way no sufficient reason appears for disturbing the verdict in that respect. There was some evidence that the plaintiff's hoisting apparatus was partially undermined and broken by men at work for the defendant and this evidence raised a question of fact properly submitted to the jury by the trial judge. We are not persuaded that any error was committed which requires the reversal of the judgment.

The judgment is therefore affirmed.